**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| FIDEL COCA MACHADO<br>c/o 519 H Street NW<br>Washington, DC 20001<br><br>    Plaintiff,<br><br>v.<br><br>1257 CORPORATION<br>d/b/a SUPER FOOD<br>1257 4th Street NE<br>Washington, DC 20002<br><br>ZONG YOU ZHU, LLC<br>d/b/a SUPER FOOD<br>1257 4th Street NE<br>Washington, DC 20002<br><br>ZONG TAO ZHU<br>a/k/a ZONGTAO ZHU<br>3306 Theodore R Hagans Drive NE<br>Washington, DC 20018<br><br>XU QIANG DONG<br>a/k/a XUQIANG DONG<br>3108 South Dakota Avenue NE<br>Washington, DC 20018<br><br>    Defendants. | Civil Action No. _____ |

**COMPLAINT**

1. While Plaintiff worked at Defendants' store, Defendants paid him a weekly salary that denied him minimum and overtime wages. In addition, Defendants failed to offer Plaintiff paid sick leave.

2. Plaintiff brings this action to recover damages for Defendants' willful failure to pay minimum and overtime wages and to provide safe and sick leave, in violation of the Fair Labor

Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the District of Columbia Minimum Wage Act Revision Act ("DCMWA"), D.C. Code, § 32-1001 *et seq.*; the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq.*; and the District of Columbia Accrued Safe and Sick Leave Act ("ASSLA"), D.C. Code § 32-131.01 *et seq.*

## Jurisdiction and Venue

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b), because all Defendants reside in this district and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## Parties

5. Plaintiff Fidel Coca Machado is an adult resident of the District of Columbia.

6. Defendant 1257 Corporation is a District of Columbia corporate entity. It does business as Super Food. Its principal place of business is located at 1257 4th Street NE, Washington, DC 20002. Its registered agent for service of process is Neng-Hsiang Wang, 606 7th Street SW, Washington, DC 20024.

7. Defendant Zong You Zhu, LLC is a District of Columbia limited liability company. It does business as Super Food. Its principal place of business is located at 1257 4th Street NE, Washington, DC 20002. Its registered agent for service of process is Zong Tao Zhu, 3306 Theodore R Hagans Drive NE, Washington, DC 20018.

8. Defendant Zong Tao Zhu is an adult resident of the District of Columbia. He is also known as Zongtao Zhu. He resides at 3306 Theodore R Hagans Drive NE, Washington, DC 20018.

9.     Defendant Zong Tao Zhu is an owner and officer of Defendant 1257 Corporation. He exercises control over the operations of 1257 Corporation — including its pay practices.

10.    Defendant Zong Tao Zhu is an owner and member of Zong You Zhu, LLC. He exercises control over the operations of Zong You Zhu, LLC — including its pay practices.

11.    Defendant Xu Qiang Dong is an adult resident of the District of Columbia. He is also known as Xuqiang Dong. He resides at 3108 South Dakota Avenue NE, Washington, DC 20018.

12.    Defendant Xu Qiang Dong is an owner and officer of Defendant 1257 Corporation. He exercises control over the operations of 1257 Corporation — including its pay practices.

13.    Defendant Xu Qiang Dong is an owner and member of Zong You Zhu, LLC. He exercises control over the operations of Zong You Zhu, LLC — including its pay practices.

14.    Upon information and belief, Defendants Zong Tao Zhu and Xu Qiang Dong are brothers-in-law.

## Factual Allegations

15.    Defendants own and operate "Super Food," a store that specializes in selling tofu. Super Food is located at 1255-1257 4th Street NE, Washington, DC 20002.

16.    Plaintiff worked at Super Food from approximately December 14, 2017 through approximately August 24, 2019.

17.    Plaintiff worked at Super Food as a laborer.

18.    Plaintiff's job duties at Super Food primarily consisted of preparing and packaging tofu and cleaning the store.

19.    Plaintiff typically and customarily worked six days per week.

20.    Prior to approximately July 1, 2018, Plaintiff typically and customarily worked approximately sixty-six hours per week.

21. Starting on approximately July 1, 2018, Plaintiff typically and customarily worked approximately sixty hours per week. However, for his final two weeks of work, from approximately August 12–24, 2019, Plaintiff only worked approximately thirty-six hours per week.

22. At all relevant times, Defendants paid Plaintiff a weekly salary.

23. Defendants paid Plaintiff approximately the following weekly salaries:

| Approximate Dates | Weekly Salary | Effective Hourly Rate |
| --- | --- | --- |
| Dec. 14, 2017–Jun. 30, 2018 | $800.00 | $12.12 |
| Jul. 01, 2018–Dec. 31, 2018 | $800.00 | $13.33 |
| Jan. 01, 2019–Aug. 11, 2019 | $850.00 | $14.17 |
| Aug. 12, 2019–Aug. 24, 2019 | $500.00 | $13.89 |

24. At all relevant times, Defendants paid Plaintiff in cash.

25. Prior to August 12, 2019, Plaintiff worked more than forty hours per workweek for Defendants.

26. Defendants paid Plaintiff the same effective hourly rate across all hours worked.

27. Defendants did not pay Plaintiff overtime wages — or one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek.

28. In addition to not paying overtime wages, Defendants did not always pay Plaintiff the applicable D.C. minimum wage.

29. The District of Columbia required employers to pay non-exempt employees at least $12.50 per hour from July 1, 2017 through June 30, 2018, $13.25 per hour from July 1, 2018 through June 30, 2019, and $14.00 per hour from July 1, 2019 through the present. D.C. Code § 32-1003(a).

30. Defendants owe Plaintiff approximately $13,445.50 in minimum and overtime wages (excluding liquidated damages).

31. Moreover, Defendants never provided Plaintiff with paid safe and sick leave as required by the ASSLA. D.C. Code § 32-131.02.

32. Plaintiff lost wages in 2018 and 2019 because he was sick.

33. For each day of work Plaintiff missed, Defendants reduced his weekly salary by approximately one-sixth.

34. For Defendants' failure to provide paid leave, Defendants owe Plaintiff approximately $680.00 in lost wages and compensatory damages.

35. Defendants should have provided Plaintiff with 3.0 days of paid leave in 2018 and 3.0 days of paid leave in 2019.

36. Defendants owe Plaintiff $3,000.00 — $500.00 of "additional damages" for each accrued day of leave denied, regardless of whether Plaintiff took unpaid leave or reported to work on that day. D.C. Code § 32-131.12(b).

37. Defendant Zong Tao Zhu personally hired Plaintiff.

38. Defendant Xu Qiang Dong personally fired Plaintiff.

39. Defendant Zong Tao Zhu set Plaintiff's work schedule.

40. Defendant Xu Qiang Dong typically and customarily supervised Plaintiff's work.

41. Defendant Zong Tao Zhu set Plaintiff's salary.

42. Defendant Zong Tao Zhu typically and customarily handed Plaintiff his weekly payment.

43. At all relevant times, Defendants had the power to hire and fire Plaintiff.

44. At all relevant times, Defendants had the power to control Plaintiff's work schedule.

45. At all relevant times, Defendants had the power to supervise and control Plaintiff's work.

46. At all relevant times, Defendants had the power to set Plaintiff's rate and manner of pay.

47.     At all relevant times, Defendants were aware that they were legally required to pay Plaintiff one and one-half times his regular rate for all hours worked in excess of forty hours in any one workweek.

48.     At all relevant times, Defendants were aware that they were legally required to pay Plaintiff the applicable minimum wage.

49.     At all relevant times, Defendants were aware that they were legally required to timely pay Plaintiff all wages legally due to him.

50.     At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

51.     At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

52.     For example, at all relevant times, Defendants had two or more employees who handled soybeans and soy products that were grown or produced outside of the District of Columbia.

## COUNT I
## FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

53.     Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

54.     Each defendant was an "employer" of Plaintiff within the meaning of the FLSA. 29 U.S.C. § 203(d).

55.     The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

56. Defendants violated the FLSA by knowingly failing to pay Plaintiff at least one and one-half times Plaintiff's regular hourly rate for hours worked in excess of forty hours in any one workweek.

57. Defendants' violations of the FLSA were willful.

58. For Defendants' violations of the FLSA, Defendants are liable to Plaintiff for unpaid overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

**COUNT II**
**FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE DCMWA**

59. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

60. Each defendant was an "employer" of Plaintiff within the meaning of the DCMWA. D.C. Code § 32-1002(3).

61. The DCMWA requires that employers pay non-exempt employees at least $12.50 per hour from July 1, 2017 through June 30, 2018, $13.25 per hour from July 1, 2018 through June 30, 2019, and $14.00 per hour from July 1, 2019 through the present. D.C. Code § 32-1003(a).

62. The DCMWA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. D.C. Code § 32-1003(c).

63. Defendants violated the DCMWA by knowingly failing to pay the required minimum wage to Plaintiff.

64. Defendants violated the DCMWA by knowingly failing to pay Plaintiff at least one and one-half times Plaintiff's regular hourly rate for hours worked in excess of forty hours in any one workweek.

65. Defendants' violations of the DCMWA were willful.

66. For Defendants' violations of the DCMWA, Defendants are liable to Plaintiff for unpaid minimum and overtime wages, an amount equal to three times the unpaid minimum and overtime wages as liquidated damages, court costs, reasonable attorney's fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT III
## FAILURE TO PAY WAGES UNDER THE DCWPCL

67. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

68. Each defendant was an "employer" of Plaintiff within the meaning of the DCWPCL. D.C. Code § 32-1301(1).

69. The DCWPCL requires employers to pay an employee who is discharged no later than the working day following the discharge. D.C. Code § 32-1303(1).

70. The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within seven days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

71. For purposes of the DCWPCL, "wages" include, among other things, regular, minimum, and overtime wages. D.C Code § 32-1301(3).

72. Defendants violated the DCWPCL by knowingly failing to timely pay Plaintiff all wages due, including minimum and overtime wages.

73. Defendants' violations of the DCWPCL were willful.

74. For Defendants' violations of the DCWPCL, Defendants are liable to Plaintiff for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## COUNT IV

## FAILURE TO PROVIDE SICK LEAVE UNDER THE ASSLA

75. Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

76. Each defendant was an "employer" of Plaintiff within the meaning of the ASSLA. D.C. Code § 32-131.01.

77. The ASSLA requires the following amounts of paid leave:

| Size of Employer | Provision of Paid Leave | Maximum Provision Per Calendar Year |
|---|---|---|
| 100 or more employees | 1 hour for every 37 hours worked | 7 days |
| 25 to 99 employees | 1 hour for every 43 hours worked | 5 days |
| 24 or fewer employees | 1 hour for every 87 hours worked | 3 days |

D.C. Code § 32-131.02(a).

78. Defendants violated the ASSLA by not providing Plaintiff the required paid leave.

79. For Defendants' violations of the ASSLA, Defendants owe Plaintiff $500.00 of "additional damages" for each accrued day of leave denied, regardless of whether Plaintiff took unpaid leave or reported to work on that day. D.C. Code § 32-131.12(b).

80. For Defendants' violations of the ASSLA, Defendants are liable for back pay for lost wages, compensatory damages, punitive damages, Plaintiff's court costs, reasonable attorney's fees and expenses, and any other relief deemed appropriate by the Court. D.C. Code § 32-131.12(e).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of **$61,720.80**, and grant the following relief:

a. Award Plaintiff $53,782.00, consisting of the following overlapping elements:

      i.      unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

      ii.      unpaid D.C. minimum and overtime wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCMWA, D.C. Code § 32-1012;

      iii.      unpaid wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

b.      Award Plaintiff $3,680.00, consisting of the following:

      i.      $680.00 in lost wages and compensatory damages for denied paid leave, pursuant to the ASSLA, D.C. Code § 32-131.02(e);

      ii.      $3,000.00 in additional damages for each day of denied paid leave, pursuant to the ASSLA, D.C. Code § 32-131.12(b);

c.      Award Plaintiff pre-judgment and post-judgment interest as permitted by law;

d.      Award Plaintiff attorney's fees and expenses computed pursuant to the matrix approved in *Salazar v. District of Columbia*, 123 F. Supp. 2d 8 (D.D.C. 2000), and updated to account for the current market hourly rates for attorney's services, pursuant to the DCWPCL, D.C. Code § 32-1308(b)(1) (as of this date, approximately $3,858.80);

e.      Award Plaintiff court costs (currently, $400.00); and

f.      Award any additional relief the Court deems just.

Date: August 31, 2019						Respectfully submitted,

								/s/ Justin Zelikovitz
								JUSTIN ZELIKOVITZ, #986001
								DCWAGELAW
								519 H Street NW
								Washington, DC 20001
								Phone: (202) 803-6083
								Fax: (202) 683-6102
								justin@dcwagelaw.com

								*Counsel for Plaintiff*